**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAFAYETTE DAVIS : <br> 1322 D Street, S.E. Apt. 21 : <br> Washington, D.C. 20003 : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FAITH OF LIFE PROTECTIVE SERVICES, INC. : <br> 6492 Landover Road : <br> Cheverly, Maryland 20785 : <br> : <br> *Serve on Registered Agent*: : <br> Trevor Rowley : <br> Corporate Service Center, Inc. : <br> 1451 Rockville Pike, Suite 250 : <br> Rockville, Maryland 20852 : <br> : <br> BRYAN SOMERVILLE : <br> 308 70TH Street : <br> Capitol Heights, Maryland 20743 : <br> : <br> JAMES ANTONIO McCOY : <br> 6804 Central Avenue, #304 : <br> Capitol Heights, Maryland 20743 : <br> : <br> SAFEWAY, INC. : <br> 11555 Dublin Canyon Road : <br> Pleasanton, California 94588 : <br> : <br> *Serve on Registered Agent:* : <br> CT Corporation System : <br> 1015 15th Street, N.W., Suite 1000 : <br> Washington, D.C. 20003 : <br> : <br> SINGLE SOURCE SECURITY INC., d.b.a. : <br> PROTOS SECURITY : <br> 90 Town Center Street : <br> Daleville, Virginia 24083 : <br> : <br> *Serve on Registered Agent:* : <br> Corporation Services Company : <br> 1156 15th Street, N.W., Suite 605 : <br> Washington, D.C. 20005 : | Case No.: 1:25-cv-01779-ABJ |

## SECOND AMENDED COMPLAINT

Lafayette Davis, by and through his undersigned counsel, files this second amended complaint pursuant to Rule 15, and states as follows:

## JURISDICTION AND VENUE

1. This case was originally filed in the Superior Court for the District of Columbia. It was properly removed to this Court pursuant to the provisions of 28 U.S. C. § 1441 based upon diversity of citizenship and because the amount in controversy exceeds $75,000 exclusive of interests and costs.

2. Venue is proper because the incident which is the subject of this complaint occurred within the District of Columbia.

## PARTIES

3. Plaintiff is a citizen of the United States and a resident of the District of Columbia.

4. Safeway, Inc. is a corporation doing business in the District of Columbia which operates the Safeway grocery store located at 415 14th Street, S.E., Washington, D.C., hereinafter referred to as the 14th Street Safeway store. Safeway, Inc. will hereinafter be referred to as Safeway.

5. Single Source Security, Inc. is a corporation doing business in the District of Columbia as Protos Security. Single Source Security, Inc. will hereinafter be referred to as Protos.

6. Faith of Life Protective Services, Inc. is a corporation doing business in the District of Columbia. Faith of Life Protective Services, Inc. will hereinafter be referred to as Faith of Life.

7. Bryan Somerville and James McCoy are citizens of the United States and residents of Maryland. They are special police officers licensed by the District of Columbia

## ALLEGATIONS COMMON TO ALL COUNTS

8. Safeway contracted with Protos to provide professional security guards at Safeway

stores in the District of Columbia, including the 14th Street Safeway store.

9. Protos subcontracted with Faith of Life to provide professional security guards at the 14th Street Safeway store.

10. Defendants Somerville and McCoy were employed by Faith of Life as security guards. Somerville and McCoy were assigned to provide security services at the 14th Street Safeway store.

11. The plaintiff was a regular customer at the 14th Street Safeway Store. He worked the night shift as a flagman at Reagan National Airport and stopped at the store every morning to purchase breakfast and/or socialize with friends at the café, which was located at the store.

12. On the morning of July 29, 2024, Lafayette Davis entered the 14th Street Safeway store, where he purchased some juice. After paying for the product, Davis exited the store through an open automatic door. He was immediately approached by defendant Somerville, who was stationed at the door. Somerville advised Mr. Davis that he had exited through an entrance door. He further advised Mr. Davis that he would be banned from entering the 14th Street Safeway store for the next 5 years as a result of his conduct. Mr. Davis protested and advised Somerville that he was a regular customer. Somerville ordered him to leave the premises, and Mr. Davis complied.

13. Somerville did not serve Mr. Davis with any paperwork or notice officially banning him from the premises.

14. Mr. Davis was scheduled to work on the evening of July 29. On his way to work, he stopped at the 14th Street Safeway store with the intention of speaking with a manager about the earlier incident.

15. Mr. Davis arrived at the 14th Street Safeway store at approximately 4:30 p.m. He entered the store and spoke with a manager he knew as "Jennifer" about the earlier incident. As he

was concluding his conversation, Mr. Davis was approached by defendants Somerville and McCoy. Somerville told Davis he was banned from the premises and ordered him to leave. Mr. Davis complied and started toward the exit. As he did so, defendants Somerville and McCoy jumped on him and threw him violently to the ground, causing him to break his leg.

16. Defendants Somerville and McCoy handcuffed Davis and held him to the ground by placing their knees on Davis' back until an ambulance arrived.

17. Defendants Somerville and McCoy contacted the Metropolitan Police Department and knowingly made false and malicious reports that Mr. Davis had committed the crimes of Unlawful Entry and Resisting Arrest.

18. Mr. Davis was transported to the hospital, where he was diagnosed with a right proximal femoral shaft fracture and admitted for treatment.

19. Mr. Davis remained in the hospital for approximately one week. During that time, he was in police custody as a result of the false complaint made by Somerville and McCoy. Mr. Davis was handcuffed to a hospital bed, where he remained under police guard.

20. Upon his discharge from the hospital, Mr. Davis was transported to the First District police station, where he was presented with a citation charging him with Unlawful Entry and Resisting Arrest. These charges were based solely upon the false report made by Officers Somerville and McCoy. Mr. Davis was released from police custody and instructed to appear before the Superior Court for the District of Columbia.

21. Mr. Davis appeared before the Court on August 22, 2024, for presentment. All charges against Mr. Davis were "no papered," *i.e.* dismissed, at that time.

**COUNT I**
**VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983**
**EXCESSIVE FORCE**

22. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendants Safeway, Protos, Faith of Life, Somerville, and McCoy for a violation of his Fourth Amendment right against excessive force under 42 U.S.C. §1983.

23. Defendants Somerville and McCoy are licensed special police officers who were acting under color of law of the District of Columbia at the time of the incident.

24. Defendant's Somerville and McCoy were employed by Safeway, Protos, and Proof of Life, and were acting within the scope of their employment at the time of the incident.

25. The actions of Somerville and McCoy constituted the use of excessive, unnecessary, and unreasonable force in violation of the Fourth Amendment to the Constitution of the United States.

26. Safeway, Protos, and Faith of Life were aware that Somerville and McCoy had police authority and were authorized to act under color of law to make arrests, use force, and perform traditional police duties. As a result, defendants Safeway, Protos, and Proof of Life are liable for the conduct of defendant Somerville and McCoy under 42 U.S.C. §1983.

27. The use of unreasonable force by defendants Somerville and McCoy was the direct and proximate cause of Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation, and embarrassment.

### COUNT II
### VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983
### UNLAWFUL DETENTION, ARREST AND CHARGE

28. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendants Safeway, Protos, Faith of Life, Somerville and

McCoy for a violation of his Fourth Amendment right to be free from unlawful arrests and detentions under 42 U.S.C. §1983.

29. Defendant's Somerville and McCoy unlawfully detained the plaintiff and subjected him to an arrest and charge without the existence of probable cause in violation to the Fourth Amendment to the Constitution of the United States.

30. The unlawful detention, arrest, and charge by defendants Somerville and McCoy was the direct and proximate cause of Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation, and embarrassment.

## COUNT III
## BATTERY

31. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendants Safeway, Protos, Faith of Life, Somerville, and McCoy for battery.

32. Defendants Somerville and McCoy willfully and unlawfully attacked the plaintiff and forcibly threw him to the ground, causing a severe fracture to his leg. Somerville and McCoy placed the plaintiff in handcuffs and constrained him until emergency personnel arrived.

33. The actions of defendants Somerville and McCoy constituted an intentional and unlawful touching of plaintiff's person, undertaken with deliberate and actual malice.

34. Defendants Somerville and McCoy were acting within the scope of their duties as employees of Safeway, Protos, and Proof of Life at the time of the incident.

35. The battery of the plaintiff by defendants Somerville and McCoy was the direct and proximate cause of Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation, and

embarrassment.

## COUNT IV
## FALSE ARREST

36. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendants Safeway, Protos, Faith of Life, Somerville and McCoy for false arrest.

37. Defendants Somerville and McCoy unlawfully and maliciously arrested the plaintiff without a warrant, and without probable cause or any legal justification.

38. At the time of the arrest, defendants Somerville and McCoy were acting within the scope of their duties as employees of Safeway, Protos and Proof of Life.

39. The false arrest of the plaintiff by defendants Somerville and McCoy was the direct and proximate cause of Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation and embarrassment.

## COUNT V
## MALICIOUS PROSECUTION

40. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendants Safeway, Protos, Faith of Life, Somerville and McCoy for malicious prosecution.

41. Defendants Somerville and McCoy falsely, maliciously, and without probable cause reported to the Metropolitan Police that the plaintiff had committed crimes. This false report caused the police to issue a citation, which charged the plaintiff with Unlawful Entry and Resisting Arrest. It was necessary for Mr. Davis to retain counsel to defend him in his criminal case.

42. At the time of the false report, defendants Somerville and McCoy were acting within

the scope of their duties as employees of Safeway, Protos, and Proof of Life.

43. The malicious prosecution of the plaintiff by defendants Somerville and McCoy was the direct and proximate cause of Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation, and embarrassment.

## COUNT VI
## FALSE IMPRISONMENT

44. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendants Safeway, Protos, Faith of Life, Somerville, and McCoy for false imprisonment.

45. Defendant's Somerville and McCoy unlawfully and maliciously falsely imprisoned the plaintiff by detaining him and holding him against his will without legal justification.

46. At the time of the false imprisonment, defendants Somerville and McCoy were acting within the scope of their duties as employees of Safeway, Protos, and Proof of Life.

47. The malicious prosecution of the plaintiff by defendants Somerville and McCoy was the direct and proximate cause of Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation, and embarrassment.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendants Safeway, Protos, Faith of Life, Somerville, and McCoy for intentional infliction of emotional distress.

49. Defendant's Somerville and McCoy intentionally, maliciously, and with deliberate disregard for the high probability of causing severe emotional distress, engaged in outrageous and

8

extreme conduct by assaulting, arresting, detaining, and falsely charging the plaintiff.

50. At the time of the intentional infliction of emotional distress, defendants Somerville and McCoy were acting within the scope of their duties as employees of Safeway, Protos, and Proof of Life.

51. The intentional infliction of emotional distress on the plaintiff by defendants Somerville and McCoy was the direct and proximate cause of Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation, and embarrassment.

### COUNT VIII
### NEGLIGENCE
### (NEGLIGENT HIRING AND FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE)

52. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendants Safeway, Protos, and Proof of Life for negligence.

53. Defendants Safeway, Protos, and Proof of Life had a duty to assure that security guards in their employ were qualified to act as security guards, and would conduct themselves in a reasonable manner and in compliance with industry standards when dealing with members of the public.

54. Defendants Safeway, Protos, and Proof of Life knew or should have known that defendants Somerville and McCoy were unqualified to act as security guards, and violated the standard of care by hiring them.

55. Defendants Safeway, Protos, and Proof of Life also violated the standard of care by failing to properly train, supervise, and discipline defendants Somerville and McCoy.

56. The negligent hiring, training, supervision, and discipline of defendants Somerville and McCoy by defendants Safeway, Protos and Proof of Life was the direct and proximate cause of

Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation and embarrassment.

## COUNT IX
## NEGLIGENCE-PREMISES LIABILITY

57. Plaintiff incorporates by reference all of the allegations in the previous paragraphs of this amended complaint, and hereby sues defendant Safeway for negligence.

58. Safeway invited the public to shop and engage in other commercial activities in its stores, and it had a duty to maintain the property in a reasonably safe condition for the protection of its invitees.

59. Safeway breached its duty of care by hiring defendants Somerville and McCoy, who were unqualified to act as security guards, and who did not have the proper training, supervision, and discipline to interact with members of the public as security guards.

60. Safeway's negligent use of Somerville and McCoy as security guards in its store was the direct and proximate cause of Mr. Davis' injuries which include, but are not limited to, physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation, and embarrassment.

## AD DAMNUM CLAUSE

**WHEREFORE**, plaintiff Lafayette Davis respectfully requests that this Court enter judgment in its favor and against defendants Somerville, McCoy, Safeway, Protos, and Proof of Life, jointly and severally as follows:

   a. Compensatory damages in the amount of Two Million Dollars for physical pain and suffering, permanent bodily injury, economic loss, emotional distress, humiliation, embarrassment and other damages sustained;

   b. Punitive damages in the amount of Two Million Dollars to punish the defendants for

10

      their willful, wanton and malicious conduct, and to deter similar misconduct in the future;

c.    Prejudgment interest on all applicable damages;

d.    Reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other applicable law;

e.    Such other relief as this Court deems just and proper.

                                            Respectfully submitted,

                                            __/s/ *Douglas J. Wood*__
                                            Douglas J. Wood, Esquire
                                            Bar ID No. 965830
                                            Roberts and Wood
                                            6801 Kenilworth Avenue, Suite 202
                                            Riverdale, Maryland 20737
                                            (301) 699-0764 | (301) 699-8706 Fax
                                            Email: DWood@robertsandwood.com
                                            *Counsel for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by an eight person jury.

                                            __/s/ *Douglas J. Wood*__
                                            Douglas J. Wood, Esquire